UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          CASE NO. 8:21-cr-00218-CEH-AAS

v.

RYANN HOWARD,

    Defendant.
_____/

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

Defendant, RYANN HOWARD, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Howard sentence, and states as follows:

**PROPOSED GUIDELINE CALCULATION**

For the reasons detailed below, Defendant proposes that the Court adopt the following guideline calculation:

**Count 4: Conspiracy to Commit Assault in Aid of Racketeering Activity**

**Base Offense Level**                            **14**

**Count 8: Conspiracy to Commit Assault in Aid of Racketeering Activity**

**Base Offense Level**                            **14**

**Multiple Count Adjustment:**

| | |
|---|---|
| **Greater of the Adjusted Offense Levels Above:** | 14 |
| **Increase in Offense Level:** | 2 |
| **Combined Adjusted Offense Level:** | 16 |
| **Acceptance of Responsibility** | -3 |
| **Criminal History Category** | II |
| **Total Offense Level** | 13 |
| **Guidelines Range** | 15-21 months |

## I.   THE APPLICABLE SENTENCING STANDARD

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*.  In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

In this case, a sentence of 15-months imprisonment is consistent with the goals of sentencing and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. § 3553(a)(2)(A).

**II.     SENTENCING GUIDELINE APPLICATION**

    **A.     Count 4 - Specific Offense Characteristics Under USSG §2A2.2:**

If the assault involved more than minimal planning, increase by 2 levels. USSG §2A2.2(b)(1). Pursuant to the application note for USSG §2A2.2(b)(1), "more than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense, other than conduct to which §3C1.1 (Obstructing or Impeding the Administration of Justice) applies. For example, waiting to commit the offense when no witnesses were present would not alone constitute more than minimal planning. By contrast, luring the victim to a specific location or wearing a ski mask to prevent identification would constitute more than minimal planning.

In this case, the defendant and other Unforgiven members had group discussions about the assault on T.B. During these discussions, the opinions of the defendant and Unforgiven

members were solicited in regard to the assault against T.B. and the assault was ultimately voted on by the defendant and the Unforgiven members. PSR ¶63. The PSR contends that the defendant and Unforgiven members intentionally directed some communications about these assaults to take place over more secure applications in order to conceal the communications from law enforcement, therefore justifying a 2-level increase. *Id*.

However, even if some communications were concealed, those communications did not constitute more planning that is typical for commission of the offense in a simple form. Other than taking a vote, there were no further actions taken in perpetration of this offense. As no more than minimal planning was involved, a 2-level increase is not justified.

### B. Count 4 - Specific Offense Characteristics Under USSG §2A2.2:

If the assault involved more than minimal planning, increase by 2 levels. USSG §2A2.2(b)(1). Pursuant to the application note for USSG §2A2.2(b)(1), "more than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense, other than conduct to which §3C1.1 (Obstructing or Impeding the Administration of Justice) applies. For example, waiting to commit the offense when no witnesses were present would not alone constitute more than minimal planning. By contrast, luring the victim to a specific location or wearing a ski mask to prevent identification would constitute more than minimal planning.

In this case, the defendant and other Unforgiven members had group discussions about assaulting individuals characterized as "gray boys" and "race traitors." During these discussions, the opinions of the defendant and Unforgiven members were solicited in regard to the assault

against these individuals and the plan to commit assault was ultimately voted on by the defendant and the Unforgiven members. The PSR alleges that the defendant and Unforgiven members intentionally directed some communications about these assaults to take place over more secure applications in order to conceal the communications from law enforcement, therefore justifying a 2-level increase.  PSR ¶70.

However, even if some communications were concealed, those communications did not constitute more planning that is typical for commission of the offense in a simple form. Other than taking a vote, there were no further actions taken in perpetration of this offense. As no more than minimal planning was involved, a 2-level increase is not justified.

### III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. See *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

The defendant relayed that he got his first job at Street Rods Incorporated in Orange Park, Florida, as a mechanic in 2007. He communicated that he was incarcerated from 2012 to 2017 and that he returned to Street Rods Incorporated as a mechanic after his release. The defendant reported that he works full time and that he makes $16 per hour. PSR ¶ 127.

Of note, Mr. Howard's employer, Jimmy Mercer, has extended a second chance to Mr. Howard to resume his position at Street Rods, Inc., upon his release from prison. Please see attached sworn letter as *Exhibit "A."*

Based on the factors under 18 U.S.C. § 3553(a), Mr. Howard respectfully requests that the Court impose a sentence of 15 months based on a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## CONCLUSION

For all the above reasons, Mr. Howard respectfully requests that the Court find his total offense level under the guidelines to be 13 and sentence him to 15 months in prison, waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated: January 13, 2022

Respectfully submitted,

KOTLER LAW FIRM

*/s/ Yuli Kotler*
Yuli Kotler, Esq.
FL Bar No. 109505
P.O. Box 22411
St. Petersburg, FL 33742
(732) 690-3025
kotlery@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 13th day of January, 2022:

AUSA Natalie Adams
Natalie.Adams@usdoj.gov